**United States District Court, Southern District of Florida.**

**Case No: 19-CV-22622-jem**

EDUARDO RODRIGUEZ,

    Plaintiff,

Vs.

BCC FOOD HALL, LLC, BCC FOOD

OPERATOR, LLC and JACOPO GIUSTINIANI,

Individually,

    Defendants,

_____/

## *ANSWER AND AFFIRMATIVE DEFENSES BCC FOOD OPERATOR, LLC*

COMES NOW, BCC Food Operator, LLC, by and through its undersigned counsel and responds to the lawsuit by Answering the allegations and asserting the following Affirmative Defenses:

### *Answer:*

1. Admitted, except to the extent it is denied that Jurisdiction is proper and conferred by 28 USC Section 1331.
2. Denied that BCC Food Operator, LLC operates La Centrale. It is BCC Food Hall, LLC who operates La Centrale.
3. Without sufficient information to affirm or deny this allegation.
4. Without sufficient information to affirm or deny this allegation.
5. Admitted, except to the extent it is denied that BCC FOOD Operator was the employer of Plaintiff as that term is defined under the applicable law and that it engaged along with its employees in interstate commerce.
6. Denied that Jacopo Giustiniani was an employer as that term is defined under FLSA.
7. Denied.
8. Denied.
9. (a)-(f). Denied.
10. Without sufficient information to affirm or deny what is "justifiable reliance" based upon the limited information provided.

11. Denied. A bona fide commission system/rate was devised, meticulously instituted and implemented according to the letter of the law.
12. Denied.
13. Denied.
14. Denied.
15. Denied.
16. Denied.
17. Denied. Service charges which were not discretionary, were always segregated from "tips" and properly recorded.
18. Denied.
19. Without sufficient information to affirm or deny.
20. Denied.
21. No response is necessary.
22. Denied.
23. To the extent it is an accurate statement of the law, admitted.
24. Denied.
25. Denied.
26. Denied.
27. Denied.
28. Denied.
29. Denied.
30. Denied.
31. Denied.
32. Denied.
33. Denied.
34. Denied.
35. Denied.
36. Denied.
37. Denied.
38. No response is necessary.
39. Denied.

40. Without sufficient information to affirm or deny.
41. Denied.
42. Denied.
43. (a)-(b), Denied.
44. (a)-(f), Denied.
45. Denied.
46. Without sufficient information to affirm or deny.
47. Without sufficient information to affirm or deny.
48. No response is necessary.
49. Without sufficient information to affirm or deny.
50. Denied that Plaintiff performed services for BCC Food Operator, LLC. Otherwise admitted.
51. Denied. BCC Food Operator, LLC has no such knowledge.
52. Denied. BCC Food Operator, LLC has benefited in no way from Plaintiff's services.
53. Denied.
54. Denied.
55. Denied.
56. (a)-(d), Denied.
57. Denied.
58. Without sufficient information to affirm or deny.
59. Without sufficient information to affirm or deny.

### *Affirmative Defenses:*

1. <u>Commission Exemption, 29 USCA Section 207(i):</u> Defendant is exempt from the overtime payment requirements of 29 USCA Section 207(a)(1) due the fact that the commission system written by an (7)(i) expert and implemented by Defendant—under which Plaintiff agreed to and was paid for all of his work—was a bona fide commission rate pursuant to 29 USCA Section 207(i). Defendant consistently applied this system/methodology. This methodology was not a fixed compensation

amount, irrespective of the employee's efforts or sales. This methodology was meticulously implemented and recoded by Defendant.

Because: 1). Defendant is a retail or service establishment; 2). The system of Defendant paid the regular rate of pay to Plaintiff in excess of one and one half times the minimum hourly rate applicable under 29 USCA section 206; and 3). More than half of the Plaintiff's compensation for the representative period represents commissions on the services of Plaintiff, the 207(i) exemption prevents application of the requirement of 29 USCA Section 207 (a)(1) to Defendant.

2. There was no willful violation of any provision of the Fair Labor Standards Act.

3. Plaintiff did not work the hours he has represented in this lawsuit, nor anywhere near the hours represented.

4. There should be a set-off for any overtime due for "extra compensation" paid by Defendant pursuant to 29 USCA Section 207(e) (5) and (7).

5. Plaintiff's "regular rate" calculation does not include "extra compensation" of the premium rate paid for in excess of 40 hours per week. 29 USCA Section 207 (e)(5).

6. Plaintiff's "regular rate" calculation does not include "extra compensation" provided by a premium rate paid to employee for work outside of usual hours established by the employee agreement which are at least one and one half times the normal hourly wages. 29 USCA Section 207 (e)(7).

7. <u>Two year statute of limitations</u>:  There is a two year statute of limitations for FLSA claims to "enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages", except that "a cause of action arising out of willful violation may be commenced within three years after the cause of action

accrued." 29 USCA section 255 (a). There has been no willful violation of FLSA's overtime regulations. Hence, no recovery can be had for any alleged compensation which is due for a period of time greater than two years from the date of filing this lawsuit.

8. Plaintiff has failed to satisfy all conditions precedent necessary to bring this action.

9. All actions taken by Defendants with regard to Plaintiff were taken in good faith and for good cause, and without discriminatory motive or intent, or malice or reckless disregard of Plaintiff's rights.

10. Plaintiff is an independent contractor as that term is defined under FLSA.

11. BCC Food Operator, LLC was not an "employer" within the meaning of the criterion of the Economic Realities Test. An "…employer" can be considered a person who meets part or all of this criterion: "…whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." <u>Villarreal v. Woodman</u>, 113 F.3d 202, 205 (11th Cir. 1997).

12. <u>No Joint Employment</u>: There can be no joint employer relationship between BCC Food Hall, LLC and BCC Food Operator, LLC ("entities"). There is no shared control between these two entities of any activity involving Plaintiff's employment or otherwise. Nor are these entities capable of controlling the other. These entities do not in any manner act in the interest of the other. BCC Food Operator, LLC has no authority to direct, control or supervise Plaintiff's work nor did it ever take any such action. Plaintiff performed no work which was any part of BCC Food Operator's

business. The entities' operations are not inter-mingled, nor do they share control of the other's operations in any way, including but not limited to sharing control over hiring or firing, payroll, advertising, overhead and/or costs. These entities have never supervised each other's work nor do they have authority to do so. Neither of these entities have authority to supervise the other's employee's work, nor has either entity ever done so. There is no shared authority between these entities to supervise Plaintiff's work, nor has BCC Food Operator, LLC ever done so as to Plaintiff or any other employee of FCC Food Hall, LLC. There are no shared employees between these two entities. There are no shared clients, customers, agreements and/or contracts between these entities. BCC Food Operator, LLC has always been completely disassociated with respect to the employment of Plaintiff. There was never an arrangement between the entities to share Plaintiff's work.

13. <u>Waiver</u>:

    Plaintiff intentionally relinquished known rights to be paid for certain time he alleges he worked for Plaintiff when he voluntarily "clocked out" from accomplishing his duties.

    Plaintiff intentionally relinquished known rights to be paid other than by the "bona fide" commission scheme he agreed to and was strictly paid by.

14. <u>Equitable Estoppel: (Promise)</u>: Plaintiff assumed the responsibility of clocking out from work when he was no longer performing his duties for Defendant and agreed that he would not be performing duties for Defendant when he clocked out. Defendant relied upon Plaintiff's representation that he would not be performing duties for Defendant when he clocked out. However, according to Plaintiff's

allegations in this lawsuit he did not abide by that agreement, but apparently instead continued to work between shifts or into the next shift prior to clocking back into the system. As a result of this reliance Defendant was caused to suffer a loss. It/he gave up the opportunity to usher Plaintiff off of the premises during this unclocked time and/or make payment so as to assure Plaintiff would could not seek compensation for his broken promise. No "unrecorded hours" alleged worked by Plaintiff were known by Defendant, nor did such work go uncompensated or unrecorded due to any action of Defendant.

15. <u>Equitable Estoppel: (Waiver)</u>: Plaintiff assumed the responsibility of clocking out from work when he was no longer performing his duties for Defendant. However, according to the lawsuit Plaintiff failed to tell Defendant that he was still performing duties for Defendant after he clocked out of the system. These circumstances of Plaintiff not disclosing to Defendant that he was clocking out while still performing services for Defendant—while knowing he was expecting payment and that Defendant was relying upon Plaintiff performing his responsibilities undertaken—caused prejudice to Defendant. Defendant relied upon Plaintiff's conduct by believing Plaintiff was not performing services for Defendant and/or not expecting to be paid for this clock out time. Due to this reliance Defendant was caused to suffer a loss. It/he gave up the opportunity to usher Plaintiff off of the premises during this unclocked time and/or make payment so Defendant could not benefit from his tricky actions. Waiver by Estoppel should be applied so as to prevent Plaintiff from gaining an advantage from his action which prevented Defendant from protecting its rights.

No "unrecorded hours" alleged worked by Plaintiff were known by Defendant, nor did such work go uncompensated or unrecorded due to any action of Defendant.

16. <u>Breach by Plaintiff:</u> Plaintiff breached the agreement with Defendant by not performing work for Defendant during the hours he alleges he is due pay.

17. <u>Abandonment:</u> Plaintiff has abandoned the agreement he had with Defendant by disavowing its material terms. Plaintiff has abandoned the contract by his failure to perform the material terms of the contract.

18. <u>Failure of Consideration:</u> No value was given by Plaintiff in exchange for the payment he demands. Plaintiff failed to give to Defendant his services during the certain periods he alleges he is due payment from Defendant.

19. <u>Acquiescence:</u>  Plaintiff acquiesced to all of the terms of his employment relationship with Defendant after being fully informed of the terms.

20. <u>Adequate Remedy at law:</u>  From the face of the complaint Plaintiff has an adequate remedy at law.

21. <u>Failure of Condition Precedent:</u> Plaintiff has failed to perform all condition precedent necessary in order to enforce the contract.

Wherefore, Defendant, BCC Food Operator, LLC, respectfully requests that this Court enter judgment in favor of Defendant, award, costs, fees and any other such relief this Court deems just.

### ***Trial by Jury***

Defendant further requests a trial by jury on all issues so trialable.

9

Respectfully Submitted,

Law Office of Joseph S. Shook, P.A.

By:_____s/s_____

Joseph S. Shook, Esq., FBN: 0780715, Attorney for BCC Food Operator, LLC

75 Valencia Ave., #4th Floor

Coral Gables FL, 33134

(305) 446-4177

Facsimile (305) 446-4565

shooklaw@bellsouth.net

### *Certificate of Service*

I hereby certify that on August 13, 2019 I electronically filed the forgoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record, or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

By:_____s/s_____

Joseph S. Shook, Esq.

### **Service List**

Law Office of Paul A. Sack, P.A.

Paul A. Sack, Esq. ,Fbn: 363103

paul@paulsacklaw.com; and

R. Brandon Deegan, Esq., FBN: 117368

deegan@paulsacklaw.com

1130 Washington Ave., Suite #3

Miami Beach FL, 33139

Tel: (305) 397-8077

Fax: (305) 763-8057